UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DENIS CATANIA,

    Plaintiff,

    v.

SHAWN WYNN, *et al.*,

    Defendants.

Case No. 2:25-CV-116-GSL-AZ

### **ORDER**

This matter is before the Court on Magistrate Judge Abizer Zanzi's Report and Recommendation [DE 36] entered on February 27, 2026. For the reasons explained in the Report, Magistrate Judge Zanzi recommends that the Court grant, in part, Defendants' Shawn Wynn and State Street Title, LLC's Motion to Dismiss [DE 11]. More specifically, Magistrate Judge Zanzi recommends that the Court dismiss Plaintiff's claims for breach of contract and negligence per se, with prejudice, as Plaintiff has had two opportunities to adequately plead those claims but has failed to do so. [DE 36 at 19]. Magistrate Judge Zanzi further recommends that the remainder of Defendants' motion, requesting dismissal of Plaintiff's claims for negligence and breach of fiduciary duty, be denied. [*Id.*].

The parties were given an opportunity to file objections to the R&R pursuant to Fed. R. Civ. P. 72(b)(2). Plaintiff filed his Objection [DE 42] on March 24, 2026, and Defendants, Shawn Wynn and State Street, LLC ("State Street"), filed their Objection [DE 40] on March 13, 2026. Addressing Plaintiff's Objection first, instead of filing a formal objection, he "raise[d] [an] exception to preserve the right to challenge the claim of 'breach of contract', in addition to all other claims, against REMAX Executive and Nicole Downey [] for later proceedings." [DE 40 at

1-2]. Because the motion to dismiss at issue was not filed by Defendants Nicole Downey or Remax Executive, the relief requested, and the subsequent recommendation by Magistrate Judge Zanzi, have no bearing on Nicole Downey or Remax Executive. Plaintiff's breach of contract claim, as well as all other claims pled against Nicole Downey and Remax Executive, are still live.

Defendants, Wynn and State Street, filed a "limited objection" to Magistrate Judge Zanzi's R&R, specifically related to his recommendation on the issue of Article III standing. [DE 40 at 1]. Defendants argue that (1) Plaintiff does not have standing to file a lawsuit regarding the property at issue because he never owned it, and (2) he does not have the capacity to represent the trust in this lawsuit, which is the real party in interest with standing. [*Id*. at 1, 3]. Additionally, Defendants argue that Plaintiff, as beneficiary of the Trust, has standing to maintain a suit against the trustee for breach of their duties, but does not have standing to bring a lawsuit in the name of the trust itself. [*Id*. at 4].

Upon reviewing Defendants' motion to dismiss, Defendants argued that because Plaintiff alleged that he is only the beneficiary of the Trust, and not the trustee who has been designated by statute to file lawsuits on behalf of the trust, he does not have standing in this Court. [DE 12 at 8-9]. Defendants cited Federal Rule of Civil Procedure 17(b)[1] and *Inlow v. Henderson, Daily, Withrow & DeVoe*, 787 N.E.2d 385, 395 (Ind. Ct. App. 2003) in support of this proposition. In *Inlow*, the Indiana Court of Appeals found, to "invoke a court's jurisdiction, a plaintiff must demonstrate a personal stake in the outcome of the lawsuit and must show that he or she has sustained or was in immediate danger of sustaining, some direct injury because of the conduct at issue. To put it another way, for a plaintiff to have standing [in Indiana courts] his interest must be

---

[1] Federal Rule of Civil Procedure 17(b) explains how the capacity to sue or be sued is determined.

2

a present, substantial interest, as distinguished from a mere expectancy or future, contingent interest." *Inlow,* 787 N.E.2d at 395.

> Magistrate Judge Zanzi found, in pertinent part, as follows:
>
> Defendants rely on Federal Rule of Civil Procedure 17(b) and Indiana law … [and] conflate these authorities on capacity to sue or be sued with standing to sue in Indiana state courts to argue that Plaintiff lacks standing in federal court. These arguments miss the mark now that Plaintiff has made clear he is suing as an injured trust beneficiary.
>
> Federal Rule of Civil Procedure 17(b) and state law concerning capacity to be sued are not the same as Article III standing.  Plaintiff has made clear that he is bringing his lawsuit in his personal capacity as a beneficiary of the Trust, not on behalf of the Trust itself. Thus, Indiana law on trust's capacity to sue (or Indiana law on standing to sue in Indiana state courts) is of little relevance in determining whether Plaintiff has standing in federal court.
>
> So while Defendants are correct that Indiana law grants trustees the power "to prosecute or defend actions, claims, or proceedings for the protection of: (a) trust property …", Ind. Code § 30-4-3-3(a)(11), and to bring civil actions in a representative capacity, Ind. Code § 30-4-3-15, they cite nothing for the proposition that only a trustee may bring actions that touch upon or concern a trust. Indiana case law is clear that at least under some circumstances, beneficiaries of trusts may bring actions for injuries sustained. So this effort to create a type of trust-based special standing pleading requirement fails.

[DE 36 at 9-10] (internal citations omitted). Magistrate Judge Zanzi goes on to evaluate Article III standing as follows:

> To establish standing under Article III (and thus in federal court), a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Here, Plaintiff alleges an injury (lost property) that is fairly traceable to Defendants' conduct (their alleged failure to properly notify local tax authorities of the correct address to mail bills to or provide them with an accurate lot number) which can be redressed by a favorable judicial decision (in the form of damages). That is enough to satisfy standing. Whether those claims can be sustained as a matter of law or if Plaintiff can satisfy his evidentiary burdens ***should not be conflated*** with the standing inquiry. Accordingly, this case should not be dismissed for lack of standing.

[DE 36 at 10] (internal citations omitted) (emphasis added).

3

In their Objection, Defendants assert two new arguments not previously raised before Magistrate Judge Zanzi.  First, Defendants argue that Plaintiff does not have the capacity to represent the trust in this lawsuit. However, Plaintiff is not alleging to be representing the trust in this lawsuit, instead, he has alleged that he is bringing this suit "in his individual capacity as beneficiary of the Trust." [DE 5 at ¶ 2, n. 1].  Additionally, in the motion to dismiss briefing, Defendants only argue that "Plaintiff states he is a beneficiary, but not the trustee who is the proper party in interest and should be bringing this action, as the trustee has been designated by statute to file lawsuits on behalf of a trust." [DE 12 at 9].  That argument was unsupported, and Defendants support this new argument by maintaining that § 30-4-3-15 allows only a trustee to bring claims in the name of the trust. [DE 40 at 3].  Again, however, Plaintiff is not bringing this suit in the name of the Trust.

The second new argument raised is that Plaintiff lacks standing because the property at issue was not owned by Plaintiff, so it is the Trust that has suffered harm sufficient for Article III standing, not Plaintiff. [DE 40 at 2-3]. Defendants maintain that "only the trust could have brought this action, as it is the only entity with the right, power, and authority to contest the tax sale and challenged the alleged misconduct leading up to the loss of the real estate." [*Id.*].

District and circuit courts around the country recognize the general rule that "[n]ew arguments raised for the first time in a [party's] objection to a magistrate judge's report and recommendation are considered waived." *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000); *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir.1996); *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir.1994); *Paterson–Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir.1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F.Supp. 1299, 1302–03 (S.D.Ill.1990); *Ronaldo Designer Jewelry, Inc. v. RDJ Internet & Soc.*

*Media, Inc.*, 2024 WL 791006, at *7 (W.D. Ky. Jan. 24, 2024); *Martin v. White*, 2020 WL 1493035, at *2 (W.D. Ky. Mar. 27, 2020). While the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage *new* arguments or issues that were not presented to the magistrate. *Murr*, 200 F.3d at 902 n. 1 (6th Cir. 2000) (citing *Marshall*, 75 F.3d at 1426–27. This is precisely what Defendants have done.

Notwithstanding, the Court takes seriously its continuing obligation to ensure Article III standing. Before undertaking such an analysis, the Court emphasizes what Magistrate Judge Zanzi has already found: standing is not the same as capacity to sue. [DE 36 at 9]; *see also Ziklag IP LLC v. Amazon Web Servs., Inc.*, 776 F. Supp. 3d 745, 751 (N.D. Ill. 2025) (explaining that "[s]tanding is not the same thing as the capacity to sue. … The capacity to sue concerns a party's legal authority or power to sue or be sued[,] [and] … standing is about whether a plaintiff suffered an injury caused by the defendant, and whether a court can do anything about it. … A plaintiff could have standing, but not a capacity to sue. On the flipside, a plaintiff could lack standing, but could have a capacity to sue").

Article III of the U.S. Constitution limits the jurisdiction of federal courts. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021). The power of federal courts is confined to "cases" and "controversies." *Id.* at 423. "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *Id.* And, for there to be standing, the plaintiff must demonstrate "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In making this assessment, the Court must look to the

allegations "alleged in [Plaintiff's] [Amended] [C]omplaint." *Pennell v. Global Trst Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) (internal quotations omitted) (holding that "[w]hen courts analyze standing, allegations matter[, therefore] … [w]hat matters here, then, is what [is] alleged in [the] operative complaint").

The Court agrees with Magistrate Judge Zanzi's evaluation of Article III standing which was based on the allegations contained in Plaintiff's Amended Complaint: "Plaintiff alleges an injury (lost property) that is fairly traceable to Defendants' conduct (their alleged failure to properly notify local tax authorities of the correct address to mail bills to or provide them with an accurate lot number) which can be redressed by a favorable judicial decision (in the form of damages)." [DE 36 at 10]. At this stage of the proceedings, the allegations of the Amended Complaint are what matters for purposes of standing. *Pennell,* 990 F.3d at 1045. Defendants' argument that Plaintiff did not own the property goes to the viability of the claims and "should not be conflated with the standing inquiry." [*Id*].

Accordingly, the Court **ADOPTS** Magistrate Judge Zanzi's Report and Recommendation [DE 36] in full and **GRANTS in part** Defendants' Motion to Dismiss [DE 36]. Specifically, Plaintiff's claims for breach of contract and negligence per se against Defendants' Wynn and State Street are **DISMISSED with prejudice**. Plaintiff's claims for breach of negligence and breach of fiduciary duty against Defendants' Wynn and State Street remain pending.[2]

SO ORDERED.

ENTERED: March 27, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

---

[2] As explained above, all claims alleged against Defendants REMAX Executive and Nicole Downey in the Amended Complaint [DE 5] remain pending.